IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RICKY REED**                                                                **PLAINTIFF**

    **VS.**                                               **CIVIL ACTION NO. 3:04-cv-971WS**

**EATON AEROSPACE, et al**                                  **DEFENDANTS**

## **ORDER**

Before this court is defendants' motion to dismiss for failure to effectuate service within 120 days, as required pursuant to Rule of Civil Procedure 4(m)[1].

The 120 days permitted for service expired on April 04, 2005, without plaintiff having served the defendants. An order to show cause was entered on May 26, 2005, stating plaintiff's response was due by June 12, 2005 **[docket # 2]**. Plaintiff's response was filed on June 07, 2005 **[docket # 3]**, and service was effected on June 10, 2005 **[docket #4]**. Plaintiff stated in his response to the court that as a *pro se* litigant he had mistakenly assumed that service of process was a function of the court. Defendants assert that this ignorance of the rules does not amount to good cause and urges the court to now dismiss.

Defendants are correct in asserting an absence of good cause for plaintiff's failure to effectuate service. A *pro se* litigant assumes a responsibility to learn and follow the applicable rules of procedure. A showing of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304,

---

[1] Rule of Civil Procedure 4(m) Time Limit for Service:
If service . . . is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . ."

1306 (5th Cir. 1985).  In addition, plaintiff must make a showing of good faith and establish some reasonable basis for noncompliance.  *Id.*; *Systems Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).  *Pro se* status is insufficient to establish good cause and does not excuse a failure to effect service.  *Id.* at 1013-14.  The court may, however, consider it as a mitigating factor in favor of leniency.  *Id.* at 1014.

Under Rule 4(m), an extension of time for service of process is mandatory when the plaintiff shows good cause.  *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  If good cause is not present the court may, in its discretion, either dismiss the lawsuit without prejudice or direct that service be effected within a specified time.  *Id.*; *Ellis v. Principi*, 223 F.R.D. 446, 446-47 (S.D. Miss, 2004).

Plaintiff served defendants prior to the date the court set for response to the show cause order; therefore, no need existed to direct that service be effected.  Plaintiff filed his complaint *pro se* in an effort to meet the statute of limitations for this EEOC action.  While the court does not look lightly on plaintiff's failure to comply with the requirements of Rule 4, no evidence is before this court that defendants have been prejudiced by the delay in service.  For this reason, and in recognition of the applicable statute of limitations for an EEOC claim, the court finds against a grant of defendants' motion.  *See* Fed. R. Civ. Proc. 4(m)(advisory committee notes, 1993 Am., subd. (m)); *see also Wilson v. Prudential Fin.*, 332 F. Supp.2d 83, 89 (D.D.C. 2004); comments to Rule, subdivision m.  Accordingly, defendants' motion to dismiss is **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 10th day of January, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:04-cv-971WS

Order